IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD JENSEN,**               **CASE NO. 2:10-cv-141**
                                 **JUDGE SARGUS**
         **Petitioner,**         **MAGISTRATE JUDGE KEMP**

v.

**WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,**

         **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's Return of Writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### I. PROCEDURAL HISTORY

The procedural history of this case is summarized as follows. The April, 2006 term of the Pickaway County grand jury indicted petitioner on one count of leaving the scene of a fatal accident and one count of vehicular manslaughter. The indictment alleged that on May 24, 2006, petitioner was involved in an accident at the intersection of State Route 23 and Orr Road, that he failed to stop at the scene, and that this failure, combined with his commission of a traffic offense, caused the death of Todd Stevens. *Return, Exhibit 1.* Those counts were subsequently dismissed after a superseding indictment was returned which, in the third and fourth counts, charged petitioner with essentially the same offenses but

which added a *mens rea* element missing from the original two counts. Petitioner pleaded not guilty and proceeded to jury trial on April 9, 2007. The jury found him guilty on both counts. On May 16, 2007, petitioner was sentenced to five years' imprisonment on the first count, a ninety-day concurrent sentence on the second count, a fine, restitution, and three years of post-release control. His driving privileges were also suspended for three years. *Return, Exhibits 2-7.*

Represented by different counsel, petitioner appealed his conviction to the Fourth District Court of Appeals. He raised the following assignments of error:

> DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION BY HIS COUNSEL'S FAILURE TO FILE A MOTION TO DISMISS THE CHARGES FOR A SPEEDY TRIAL VIOLATION.
>
> THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE FOR A THIRD-DEGREE FELONY WITHOUT GIVING ADEQUATE JUSTIFICATION FOR IMPRISONMENT.

In a decision dated September 29, 2008, the Court of Appeals overruled these two assignments of error and affirmed the conviction and sentence. *State v. Jensen*, 2008 WL 4482686 (Pickaway Co. App. September 29,2008). Petitioner then appealed to the Ohio Supreme Court, raising these issues:

> Proposition of Law #1: Time delays charged to a defendant under a faulty indictment do not apply to a re-indictment under the same set of facts.
>
> Proposition of Law #2: Failure of counsel to protect his or her client's

2

speedy trial rights constitutes ineffective assistance of counsel.
*See Return, Exhibit 14.* On February 18, 2009, the Ohio Supreme Court declined to accept the appeal. *State v. Jensen*, 120 Ohio St. 3d 1527 (2009).

On February 17, 2010, petitioner, through counsel, filed the instant petition for a writ of habeas corpus under 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> **Ground one:** Trial counsel's failure to raise speedy trial defense denied Petitioner of effective assistance of counsel.
>
> **Ground two:** Petitioner was denied his rights to a speedy trial.
>
> **Supporting facts:** The offense took place May 24, 2006 and Petitioner was arrested May 25, 2006. He was indicted June 2, 2006 and entered a not guilty at his arraignment June 15, 2006. He was released on bond. On March 7, 2007, Petitioner filed a Motion to Dismiss the indictment which was faulty. The state dismissed the indictment and re-indicted Petitioner on April 3, 2007 on the same facts which were the basis of the original indictment. Trial was commenced on April 9, 2007, 313 days from the date of his arrest. Trial counsel failed to seek dismissal on speedy trial grounds.

*See Petition.* It is respondent's position that ground two has been procedurally defaulted and that ground one is without merit.

## II. THE FACTS

The facts of this case, including the facts relating to the speedy trial issue, were summarized in *State v. Jensen, supra,* in this way:

3

On the night of May 24, 2006, appellant drove through a stop sign at the U.S. Route 23 and Orr Road intersection and entered the highway in front of a motorcycle. Todd Stevens tried stop his motorcycle, but crashed into appellant's car. Stevens died at the scene. Appellant fled the crash site and was apprehended six hours later.

The Pickaway County Grand Jury returned an indictment charging appellant with failure to stop after an accident and with vehicular homicide. Appellant pled not guilty to both counts.

On March 7, 2007, appellant filed a motion to dismiss on grounds that the indictment omitted the culpable mental state for the crime of failure to stop at the scene of an accident. Appellee agreed with appellant's argument and, on April 3, 2007, the Pickaway County Grand Jury returned a new, superceding indictment that set forth the applicable culpable mental state. This indictment was filed with the same case number and set out the same crimes as the first indictment, but listed the new crimes as counts three and four. On April 3, 2007, counts one and two of the previous indictment were dismissed. Six days later, upon motion of both the prosecutor and defense counsel, the trial court issued an entry that stated that the record previously established under the previous indictment would also apply to the new indictment. This entry explicitly included all previous "motions and entries."

At the conclusion of the trial, the jury found appellant guilty on both counts. The trial court sentenced appellant to serve five years imprisonment for the failure to stop and ninety days for the vehicular homicide. This appeal followed.

\*\*\*

Ohio's speedy trial statute provides that if an accused is not brought to trial within two hundred seventy (270) days of his arrest, he must be discharged. R.C. 2945.71(C)(2) and R .C. 2945.73(B). The statutory time limit may be extended, however, for reasons set out in R.C. 2945.72. For example, the speedy trial time limit is tolled if an accused institutes a motion,

proceeding or action. *Id.* at (E). Furthermore, an accused's discovery demand or bill of particulars request also tolls the statute's time limit. *State v. Brown*, 98 Ohio St.3d 121, 781 N.E.2d 159, 2002-Ohio-7040, at the syllabus.

With the foregoing in mind, our calculations reveal that one hundred ninety one (191) days elapsed between appellant's arrest and his trial. Thus, no violation of appellant's speedy trial rights occurred. Appellant was arrested on May 24, 2006 and because nothing appears in the record to show that he remained in jail awaiting trial, the triple-count mechanism does not apply. See R.C. 2945.71(E). Appellant also requested discovery at his June 15, 2006 arraignment and this request tolled the speedy trial time limit until appellee answered the request on June 27, 2006. Appellant also filed a July 14, 2006 "motion to compel discovery" which tolled the speedy trial time until the trial court decided that motion on September 21, 2006. Speedy trial time was again tolled on December 21, 2006 when appellant requested a bill of particulars and additional discovery. Although appellee responded with a bill of particulars on January 2, 2007, the speedy trial time clock did not restart until discovery was provided eight days later. The speedy trial time tolled yet again when appellant filed a motion to dismiss because of the faulty indictment. The time remained tolled until the trial court decided the motion on April 4, 2007. Appellant's trial occurred five days later. Our calculations are recapitulated as follows:

5/24/06 arrest until 6/15/06 arraignment
and request for discovery

                                  22 days

6/27/06 State's answer to discovery until
appellant's 7/14/06 motion to compel discovery

                                  17 days

9/21/06 entry on motion to compel discovery
until 12/21/06 request for discovery and bill
of particulars

                                  91 days

5

|  |  |
|---|---|
| 1/10/07 answer to discovery until 3/7/07 motion to dismiss | 56 days |
| 4/4/07 entry on motion to dismiss until start of jury trial on 4/9/07 | 5 days |
| TOTAL | 191 days |

*State v. Jensen,* 2008 WL 4482686, *1-2.

### III.  PROCEDURAL DEFAULT - CLAIM TWO

In his second claim, petitioner asserts that his speedy trial rights were violated because he was not brought to trial until 313 days after his arrest.  Respondent contends that this claim has been procedurally defaulted because it was never presented to the Ohio courts as an independent claim for relief.

A habeas corpus petitioner is required to give the state courts a full and fair opportunity to rule on his federal constitutional claims.  Failing to take advantage of the opportunity to have the state courts conduct a thorough review of those claims by failing to follow the applicable state procedural rules, including the rules governing the timing of appeals, is considered to be a "procedural default."  If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error.  *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle v. Isaac,* 456 U.S. 107, 129 (1982);*Wainwright v. Sykes*,

6

433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

Clearly, the two assignments of error raised in petitioner's brief filed in the Fourth District Court of Appeals do not directly raise this claim. Rather, the substantive issue of whether petitioner's speedy trial rights were violated was subsumed within his claim of ineffective assistance of trial counsel. The Court of Appeals specifically analyzed it that way, noting that under *Srtickland v. Washington*, 466 U.S. 668 (1984), a defendant claiming ineffective assistance of counsel must show both that counsel's performance fell below an

7

acceptable standard of conduct and that the defendant was prejudiced by counsel's failure. The court then stated that "[b]oth prongs of the *Strickland* test need not be analyzed, however, if an ineffective assistance claim can be resolved under just one," *State v. Jensen, supra*, at *2, and determined that petitioner could not meet the prejudice prong of the *Strickland* test because any motion to dismiss on speedy trial grounds would not have been well-taken due to the time which had to be excluded from the speedy trial calculation.

Petitioner did raise his speedy trial claim as an independent claim in his first proposition of law when he appealed to the Ohio Supreme Court. Ordinarily, however, the Ohio Supreme Court will not entertain issues not raised in the courts of appeals:

> Under Ohio law, a criminal constitutional question cannot ordinarily be raised in the Ohio Supreme Court unless it is first presented in the court below. *Ohio v. Jester*, 32 Ohio St.3d 147, 512 N.E.2d 962 (1987). It is unlikely that the Ohio Supreme Court would reach the merits of claims that were not raised in the underlying appellate proceeding. Where the state courts are silent as to the reasons for denying a petitioner's claim, the Sixth Circuit has applied the presumption that the state court "would not have ignored its own procedural rules and would have enforced the procedural bar." *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir.1996).

*Mills v. Hudson*, 2009 WL 2232858, *7 (N.D. Ohio July 22, 2009). Thus, the first two prongs of the *Maupin* test are satisfied here because there is a procedural rule in place - the rule that claims appearing from the face of the record must be raised on direct appeal in the court of appeals, and not for the first time in the Ohio Supreme Court - and, under *Simpson,* this Court is entitled to conclude that the Ohio Supreme Court would not have ignored its own procedural rules by agreeing to hear this claim on the merits.

8

The rule that claims must be raised first in the court of appeals or the Ohio Supreme Court will not consider them is a rule of long-standing application in Ohio. *See State v. Jester*, 32 Ohio St. 3d 147 (1987); *State v. Abrams*, 39 Ohio St. 2d 53 (1974); *City of Toledo v. Reasonover*, 5 Ohio St. 2d 22 (1965). Therefore, the third part of the *Maupin* test is also satisfied. Petitioner may seek to excuse his procedural default by showing cause for, and prejudice from, the default, but no such showing has been made here, nor has he asserted actual innocence as an excuse for the procedural default which occurred. Thus, the Court agrees with respondent that petitioner's second claim has been procedurally defaulted. The Court further notes that, even if it had not been procedurally defaulted, this claim was presented to the Ohio Supreme Court as purely a state law issue, and this Court cannot grant relief on the basis of such a claim. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

### IV. CLAIM ONE - THE MERITS

In his first claim, petitioner argues that he was denied the effective assistance of counsel because counsel failed to move to dismiss his case on speedy trial grounds. That claim was presented both to the Fourth District Court of Appeals and the Ohio Supreme Court, and respondent concedes that this claim is properly before the Court. For the following reasons, however, the Court agrees that this claim lacks merit.

Because this claim was presented to and decided by the Ohio courts, this Court reviews it under a deferential standard found in the Antiterrorism and Effective Death Penalty Act of 1995. That standard is explained as follows.

A federal habeas court may not grant relief unless the state court's decision was

9

contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States District Court for the Western District of Michigan has summarized this standard as follows:

> [A] decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." [*Williams v. Taylor*, 529 U.S. 362 (2000)] at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court may not find a state court's adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. Further, the federal habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id*.

10

*Williams v. Lavigne*, 2006 WL 2524220 (W.D. Michigan August 30, 2006).

The Fourth District Court of Appeals, after concluding (as described above) that 191 days could be excluded from the statutory time period applicable to petitioner's case due to various events that occurred during the course of the proceedings, resolved the federal ineffective assistance of counsel claim as follows:

> Appellant does not assert that these events would have impacted the tolling of the statute under normal circumstances. Rather, appellant focuses on the new April 3, 2007 indictment and argues that although the speedy trial time that elapsed prior to filing a new indictment must be credited to his favor, none of the tolling events that occurred with respect to the previous indictment should be counted against him. We are not persuaded.

> First, we note that this is not a situation in which a case was dismissed and a new case filed with a new indictment. Here, the original criminal case against appellant was never actually terminated. Rather, a new indictment was filed in the same case and the first indictment was then dismissed.

> Second, on April 9, 2003 an agreed entry ordered that all proceedings that occurred under the previous indictment would be included and counted under the new indictment. In other words, appellant agreed through counsel that all of the tolling events that occurred with respect to the old indictment could also be counted against him under the new indictment. Appellant, however, now argues that he should not be bound under his earlier agreement.

> Third, the speedy trial statutes are intended to guard against inexcusable delays caused by judicial indolence. *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, at ¶ 24; *State v. Ladd* (1978), 56 Ohio St.2d 197, 200, 383 N.E.2d 579. We do not believe that the Ohio General Assembly intended that the statutes to be applied in this particular fashion. This case was not simply left to languish in the trial court. Rather, the record reveals numerous proceedings on motions and discovery requests. Indeed, it was through a motion to dismiss that the defect in the previous indictment was

11

discovered. This is not the type of situation that the Ohio General Assembly meant to correct under its speedy trial statutes.

Finally, appellant cites no authority to support his proposition that in a situation like this speedy trial time must be counted in his favor, but no tolling events may be counted against him. Appellant does cite *State v. Adams* (1989), 43 Ohio St.3d 67, 538 N.E.2d 1025, at the syllabus, wherein the Ohio Supreme Court held a speedy trial waiver to an initial charge does not apply to additional charges arising from the same facts. We do not believe that *Adams* applies here, however. First, this case does not involve speedy trial time waivers. Instead, this case involves various tolling events. Second, this case does not involve an "additional" charge. Rather, this case involves the same charge that first omitted a culpable mental state. Third, in *Adams* the first complaint charged a violation of R.C. 4511.19(A)(3), but the second complaint charged a violation of subsection (A)(1). Not only are these different offenses, the Ohio Supreme Court also noted that there may well have been some additional tactical reasons to waive speedy trial time on an (A)(3) offense, but not (A)(1) offense. By contrast, in the case sub judice R.C. 4549.02(B) sets out one offense-the failure to stop after an accident. Appellant was not, as in *Adams*, charged with one offense in the first indictment and then charged with a wholly different offense in the second indictment. Here, the offense remained the same.

Recently, the Ohio Supreme Court considered a case almost identical to the case sub judice. In *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, syllabus, the court wrote:

"In calculating the time within which a criminal defendant must be brought to trial under R.C. 2945.71, periods of delay resulting from motions filed by the defendant in a previous case also apply in a subsequent case in which there are different charges based on the same underlying facts and circumstances of the previous case."

Thus, *Blackburn* supports the view that periods of delay in a previous case also apply in a subsequent case like the situation in the case at bar.

Appellant cites *State v. Blauvelt*, Butler App. No. CA2007-01-034, 2007-Ohio-5897, to support his argument that the second indictment included

12

"additional" charges rather than an amended charge. At issue in *Blauvelt* was whether a speedy trial waiver with respect to an original indictment for public indecency under R.C. 2907.09(A) also applied to a subsequent indictment that included the "physical proximity" requirement that had been omitted from the first indictment. The Twelfth District determined that the previous waiver would not apply because the refiled charge allowed for assertion of an additional defense that the original indictment did not allow. *Id*. at ¶ 21. Although we cannot say that we would have reached the same result if we had considered that precise issue, we believe that the instant case is distinguishable from *Blauvelt*. First, the case sub judice does not involve a written waiver of speedy trial, but whether tolling events still apply once a superceding indictment is filed. Second, the *Blauvelt* court concluded that the refiled charge allowed for a new defense that the original charge did not allow. Appellant has not argued in the case at bar, and we cannot determine, how he may have gained the availability of a new defense.

Appellant also cites *State v. Templin*, Fayette App. No. CA2003-12-014 FN2, for the proposition that tolling events from an initial charge cannot be carried over when an additional charge is filed. At issue in *Templin*, however, was a completely new charge that was not part of the original indictment. We do not have that issue here and the Twelfth District did not opine whether tolling events could carry over when a new indictment was filed that contained the same offenses.

FN2. The *Templin* case was not assigned an Ohio Supreme Court website number but does include separate paragraph numbers to which we refer.

For these reasons, we are not persuaded that a motion to dismiss for speedy trial violation would have been successful and appellant cannot show that the outcome of this case would have been otherwise. Thus, appellant cannot establish ineffective assistance of trial counsel.

Accordingly, we hereby overrule appellant's first assignment of error.

*State v. Jensen*, 2008 WL 4482686, *3-4.

The primary problem with petitioner's claim is that, although it is a claim made

13

under the Sixth Amendment to the United States Constitution, which guarantees every criminal defendant the right to the effective assistance of counsel at trial, it is dependent on the resolution of an issue of state law. In other words, in order to demonstrate that he was prejudiced by his trial counsel's failure to file a motion to dismiss the case on speedy trial grounds - and not federal speedy trial grounds, but grounds arising under Ohio Rev. Code §2945.71 *et seq.* - petitioner must show that such a motion would reasonably likely have been granted. *See Strickland, supra*, at 694 ("[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). But the Fourth District Court of Appeals has determined that such a motion would not have been reasonably likely to succeed under Ohio law, and this Court must ordinarily respect that determination. *See, e.g., Warner v. Zent*, 997 F.2d 116, 133 (6th Cir. 1993) ("[o]n habeas review, we are bound by state court interpretations of state criminal law except in extreme circumstances where it appears that the interpretation is an obvious subterfuge to evade consideration of a federal issue"); *see also Matthews v. Sheets*, 2010 WL 537002, *29 (S.D. Ohio February 11, 2010); *Parron v. Quick*, 869 F.2d 87, 90 (2d Cir. 1989) (if ineffective assistance of counsel claim based on failure to make speedy trial motion had been denied by state courts on grounds that the motion would have been unsuccessful, "the federal court would be bound by the decision of the [state court] - even if it was erroneous - on the merits of the [State] statutory speedy trial issue since that is purely a question of state law").

Even if this Court were permitted to review the Ohio court's determination that a

14

motion to dismiss on speedy trial grounds would not likely have been successful, that review would occur under the deferential standard set forth in the AEDPA. As this Court observed in *Twitty v. Warden*, 2006 WL 2728694, *17 (S.D. Ohio September 22, 2006),

> Because the AEDPA precludes a *de novo* review of constitutional claims, *see Price [v. Vincent]*, 538 U.S. at 639, [the petitioner] carries a heavy burden. "The Supreme Court has made clear that post-AEDPA claims of ineffective assistance of counsel brought by habeas petitioners will succeed only in very limited circumstances.... For [the petitioner] to succeed ..., he must do more than show that he would have satisfied *Strickland's* test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, he must show that the ... [state] Court of Appeals applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Payne v. Bell*, 418 F.3d 644, 665 (6th Cir.2005).

*Id.* Here, as was the case in *Twitty*, the Ohio court of appeals correctly identified *Strickland* as setting forth the applicable test for evaluating a claim of ineffective assistance of counsel and correctly determined that, under *Strickland*, if the defendant could not show a reasonable probability that, but for counsel's claimed deficient performance, the outcome of the case would have been different, such a claim would fail. Thus, "[t]he remaining AEDPA issues ... concern whether the Ohio Court of Appeals unreasonably applied these standards to [petitioner's] specific [ineffective assistance of counsel] claims." *Id.*, *citing*, *inter alia, Payne v. Bell*, 418 F.3d 644, 665 (6th Cir. 2005).

This Court cannot find that the Fourth District Court of Appeals' ruling on petitioner's ineffective assistance of counsel claim represents an unreasonable application of *Strickland*. That court conducted a thorough review of state law as it applies to the

15

situation where excludable delays occur while an indictment is pending, but the indictment is then superseded and the defendant is tried on the new indictment rather than the old one. It relied heavily on the decision in *State v. Blackburn*, 118 Ohio St. 3d 163 (2008), where the Ohio Supreme Court considered a defendant's claim that he was not brought to trial within the time allowed under Ohio law because more than 270 days had elapsed between the date of his original arrest and the date of the trial. In that case, as in petitioner's case, the defendant was tried on an indictment filed subsequent to his arrest. That indictment (the third returned against the defendant) contained different charges but arose from the same underlying circumstances. The state contended that certain delays which occurred while the second indictment was pending served to toll the running of the speedy trial time. The Supreme Court agreed and reversed a lower court decision which had affirmed the grant of a motion to dismiss on speedy trial grounds.

In addition to relying on *Blackburn*, the Fourth District Court of Appeals also noted that, unlike the situation in *Blackburn*, which involved the filing of three separate criminal cases against the defendant, petitioner was indicted on the new charges in the very same case in which the original indictment was returned. Thus, there was even less justification for disregarding the tolling events in his case than in *Blackburn*. These determinations of state law are, at the very least, not unreasonable, and the court's use of such determinations in its decision on the *Strickland* claim is therefore not unreasonable as well. Petitioner's fist claim thus lacks merit.

### V. RECOMMENDED DISPOSITION

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge